IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **PETER DRAUS** § § § | |
| vs. § | CIVIL ACTION NO. 5:21-cv-1168 |
| § § § § | |
| **UPS TELECOMMUNICATIONS, INC.** § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes PETER DRAUS, hereinafter called Plaintiff, complaining of UPS TELECOMMUNICTIONS, Inc. hereinafter called Defendant. Mr. Draus alleges violations of the Age Discrimination in Employment Act, the Americans with Disabilities Act as Amended, the Family and Medical Leave Act and the Rehabilitation Act. For cause of action would respectfully show unto the Court the following facts:

## I.
## PARTIES

1. Plaintiff Peter Draus is a resident of San Antonio, Bexar County Texas.

2. Defendant UPS Telecommunications, Inc. is a Georgia Corporation. It may be served with process by certified mail by serving its registered agent Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company 211 E. 7th Steet, Suite 620 Austin, TX 78701.

## II.
## VENUE

3. The Court has jurisdiction to hear the merits of Draus' claims under 28 U.S.C.

§1331 as they arise under federal statutes, specifically, Americans with Disabilities Act as amended, the Age Discrimination in Employment Act, the Family and Medical Leave Act and the Rehabilitation Act.

4. This Court also has supplemental jurisdiction over Plaintiff's Claims under the Texas Commission on Human Rights Act.

5. All the acts alleged herein occurred in Bexar County, Texas.

6. Venue in this district and division is proper under 28 U.S.C. § 1391(b)(2).

7. At the time of filing, damages are within the jurisdictional limits of the court.

### III.
### MISNOMER / MISIDENTIFICATION

8. In the event that any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice

### IV.
### FACTS

9. Plaintiff Peter Draus began working for Defendant UPS Telecommunications, Inc. in May of 2013 as an inside sales representative.

10. On or about January 30, 2020 Draus was hospitalized with an infection in his right foot that required a toe amputation. Draus also has Type 2 diabetes which interferes with the major life activity of circulatory system functioning.

11. As a result of these conditions, Draus was off work on disability from January 30, 2020 to April 20, 2020.

12. On or about February 16, 2020, Draus spoke with his Supervisor Tony Valsamakis and mentioned that he had turned 65. Valsamakis asked Draus "when are you going to retire?"

13. On or about December 16, 2020, Draus was called into a meeting with Valsamakis and Team Leader Dave Bradford.

14. Valsamakis asked Draus if he would be retiring at the end of the year and Draus told him that he would not be. Valsamakis told him that was not acceptable and "there is no way you will be here that long, your last day of employment will be December 31, 2020."

15. Draus understood this to mean that Valsamakis thought he would not be working long because of his age and his medical conditions.

16. Draus was given an ultimatum to either retire or be terminated immediately. Feeling he had no choice in the matter Draus elected to retire under duress.

## V.
## AGE DISCRIMINATION IN VIOLATION OF THE TEXAS COMMISSION ON HUMAN RIGHTS ACT AND THE AGE DISCRIMINATION IN EMPLOYMENT ACT

17. In order to establish a claim of age discrimination under the TCHRA or ADEA, a Plaintff must prove 4 elements: (1) they are a member of a protected class; (2) they were discharged or suffered another adverse employment action; (3) they were qualified for their position; and, (4) they were either replaced by someone outside the protected class, replaced by someone younger, or were otherwise discharged because of their age.

18. In this case Plaintiff was over 40 years old (65 at time of termination); he suffered the adverse employment action of termination; Plaintiff was qualified for his position; and Defendant's statements and the lack of a legitimate reason for terminating Plaintiff evidence that the termination was improperly motivated by Plaintiff's age.

## VI.
## DISABILITY DISCRIMINATION AND RETALIATION IN VIOLATION OF THE TEXAS COMMISSION ON HUMAN RIGHTS ACT AND THE AMERICANS WITH DISABILITIES ACT

19. In order to establish a claim of disability discrimination under the TCHRA or ADA, a Plaintiff must prove that (1) they have a disability or are perceived as disabled; (2) they were qualified for their position; and, (3) they suffered an adverse employment action because of the disability.

20. In this case, Plaintiff had taken time off due to the infection in his foot that contributed to his need for a toe amputation. He also had diabetes and had informed Defendant of such. Plaintiff was qualified for his position. Finally, Plaintiff was terminated due to Defendant's perception that he would not be in the position for much longer due to a perception that he was sickly.

21. In order to establish a claim of retaliation under the TCHRA, a Plaintiff must prove that (1) he engaged in an activity protected by the TCHRA, (2) he experienced a materially adverse employment action, and (3) a causal link exists between the protected activity and the adverse action.

22. In this case Plaintiff engaged in protected activities when he asked for an accommodation of time off to care for his medical conditions. Plaintiff suffered an adverse employment action when he was terminated. Finally, a causal link exists between his use of time off for his medical conditions and Defendant's perception that "you won't be here that long" leading to the ultimatum between termination and retirement.

## VII.
## DISCRIMINATION AND RETALIATION UNDER THE REHABILITATION ACT

23. To the extent Defendant receives any federal funds, Plaintiff asserts a claim under

the Rehabilitation Act for discrimination and retaliation.

24. Plaintiff hereby incorporates the preceding paragraphs for all purposes.

25. Plaintiff is an individual with a disability, as defined by the REHABILITATION ACT, as amended, see 29 U.S.C. §705(20).

    a. Plaintiff was disabled (actually disabled and/or "regarded as" disabled);

    b. Plaintiff was qualified for the position;

    c. Plaintiff suffered an adverse employment action in that he was terminated from his employment with Defendant; and

    d. The circumstances arising out of Plaintiff's termination raise an inference of disability discrimination.

26. Defendant violated the REHABILITATION ACT 29 U.S.C. §794(a), as amended, by discriminating against Plaintiff because of his disability under any program or activity receiving Federal financial assistance. In doing so, Defendant intentionally and with deliberate indifference to Plaintiff's federally protected rights.

27. Defendant's discriminatory acts violate 42 U.S.C. §1211 *et. seq.*, as amended, and 42 U.S.C. §12203, as amended. Both of which are incorporated into the REHABILITATION ACT under 29 U.S.C. §794(d). These discriminatory acts include:

    a. Denying employment opportunities to a qualified individual with a disability.

28. Retaliating against the Plaintiff for exercising rights under the Rehabilitation act under 42 U.S.C. §12203(b).

## VIII.
## VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT

29. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et. seq*.

30. Defendant is an "employer" as defined by the FMLA in 29 U.S.C. § 2611(4)(B).

31. Defendant employed, and continues to employ, fifty or more persons at, or within a seventy-five (75) mile radius of, the location where Plaintiff worked. Thus it is believed Defendant was covered by the FMLA.

32. During the time that Plaintiff was employed by Defendant, he was an "eligible employee" as defined by the FMLA in 29 U.S.C. § 2611(2).

33. During the time that Plaintiff was employed by Defendant, Plaintiff had an illness or medical condition that can be defined as a "serious health condition" under the FMLA as outlined in 29 U.S.C. § 2611(11). Plaintiff was entitled to family leave for his serious health condition as provided for in the FMLA in 29 U.S.C. § 2612(a)(1)(C).

34. Defendant retaliated against Plaintiff for taking or requesting the family leave to care for his own serious medical condition.

35. As a result of Defendant's violations of the FMLA, Plaintiff has suffered actual damages in the form of lost income and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at time of trial.

## IX.
## RESPONDEAT SUPERIOR

36. Employees involved in this cause of action were, at all times described herein, employees of Defendant and were at all times acting in the course and scope of that employment. Accordingly, Defendant is liable for such conduct under the doctrine of *Respondeat Superior*.

# X.
# DAMAGES

37. Plaintiff alleges that as a direct and proximate result of the conduct and/or omissions on the part of the Defendant, he is entitled to recover at least the following legal damages:

(1) Lost wages in the past and future;

(2) Compensatory damages including damages for mental anguish and inconvenience;

(3) Court Costs; and,

(4) Attorney's fees.

# XI.
# JURY DEMAND

38. Plaintiff further demands a trial by jury.

# PRAYER

PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein; that upon a final hearing hereof, a Judgment be rendered for Plaintiff for damages in an amount in excess of the minimal jurisdictional limits, or whatever amount the jury deems reasonable, along with costs of court, and both post and prejudgment interest as allowed by law, and for such other and further relief to which Plaintiff may be justly entitled.

        **Respectfully Submitted,**

        **/s/ *Alan Braun***
        **Adam Poncio**
        **State Bar No. 16109800**
        **salaw@msn.com**
        **Alan Braun**
        **State Bar No. 24054488**
        **abraun@ponciolaw.com**
        **PONCIO LAW OFFICES**
        **5410 Fredericksburg Rd. Ste 109**
        **San Antonio, TX 78229**